**The Honorable Frank O. WHITE, Judge, et al., Relators,**

v.

**Barbara STANLEY, and the Harris County Democratic Party Executive Committee, Respondents.**

No. C–5103.

Supreme Court of Texas.

March 26, 1986.

Robert V. Holland, Houston, for relators.

Freddie Jackson, Hughes & Hilbert, David Webb, Guest & Webb, Houston, for respondents.

ROBERTSON, Justice.

Freddie N. Jackson submitted to Barbara Stanley, Chairman, Harris County Democratic Executive Committee, a petition in lieu of filing fee to be placed on the ballot in the 1986 primary election. Jackson sought the office of judge of the 295th District Court of Harris County. The petition was supported by 994 signatures of persons purportedly eligible to vote in the election. Relator White, Jackson's primary election opponent, contends that so many of the signatures are invalid as to bring the number of signatures below the number required by the Election Code, thus rendering Jackson ineligible to be a candidate.

The first question before this Court is how many valid signatures are necessary to support the petition in lieu of filing fee for the office sought by Relator and Fred-

die Jackson. TEX.ELEC.CODE ANN. § 172.025 (Vernon Pamph.1986) provides in pertinent part:

> The minimum number of signatures that must appear on the petition (in lieu of filing fee) ... is:
>
> . . . . .
>
> (2) for a district, county, or precinct office, the lesser of:
>
> (A) 500; or
>
> (B) two percent of the number of votes received in the district, county, or precinct, as applicable, by the political party's nominee for governor in the most recent gubernatorial general election....

The 500/2% requirement of the new Code is the same requirement as appeared in the repealed Election Code at art. 13.08(d):

> (d) In lieu of the payment of a filing fee, a candidate may file a nominating petition which may be in multiple parts and must be signed by the qualified voters eligible to vote for the office for which the candidate is running as follows:
>
> For statewide office, 5000 signatures. For district, county, precinct, or other political subdivision, equal in number to at least two percent of the number of votes cast in the territory for that party's candidate for governor in the last preceding gubernatorial general election. However, in no event shall the number required be more than 500; and if two percent of the votes cast in the territory was less than 25, the number required is the lesser of 25 signatures or 10 percent of the number of votes cast.

. . . . .

TEX.ELEC.CODE ANN. art. 13.08(d) (1951) (repealed 1985).

The two percent figure is conceded by Relator to be inapplicable. However, Relator contends that the 500 figure in Section 172.025 is not the total number of signatures necessary. Relator claims that an additional 250 signatures are needed because of the language of an amendment

passed by the legislature in 1985. The language in question provides:

(c–1) A candidate for [justice of a Houston Court of Appeals, judge of a Harris County district court or judge of a Harris County statutory county court] must accompany his application for a place on the ballot with the prescribed filing fee and with a petition containing the signatures of at least 250 voters eligible to vote for the office sought or must comply with Subsection (d) of this section.

Chap. 979, Acts of the 69th Legislature, Regular Session, 1985, p. 7283. This provision purports to amend TEX.ELEC.CODE ANN. art. 13.08, even though that article was repealed by the same legislature. The subsection (d) referred to in section (c–1) is 13.08(d), which contains the 500/2% requirement.

The new provision of section (c–1) requiring 250 signatures even if the candidate pays the filing fee was passed as an amendment to the old Code and was not added to the new Code. However, section 10 of the bill which codified the election laws in the new Code requires that new provisions be read as if they were part of the new Code. Section 10 provides:

(a) If this Act conflicts with another Act of the 69th Legislature, Regular Session, 1985, unless this Act or the conflicting Act expressly provides otherwise:

(1) the change in law made in the other Act prevails, and the substance of the change is given effect as part of the Election Code adopted by this Act; and

(2) the text of a law that is reenacted in the other Act only because of the constitutional requirement that the amended law be reenacted at length is superceded by this Act.

(b) If this Act and another Act of the 69th Legislature, Regular Session, 1985, made the same substantive change from current law but differ in text, this Act prevails regardless of the relative dates of enactment.

Chap. 211, Acts of the 69th Legislature, Regular Session, 1985, p. 1749.

 The new subsection (c–1) may therefore be read as a part of the new Code, which contains the old art. 13.08(d) 500/2% requirement at § 172.025. Subsection (c–1) is therefore to be read as requiring that a candidate "must accompany his application ... with the prescribed filing fee and with a petition containing the signatures of at least 250 voters eligible to vote for the office sought *or* must comply with [the 500/2% requirement of § 172.025 for a petition in lieu of filing fee]" (emphasis added).

The court having determined that a candidate for justice of a Houston Court of Appeals or for district or county court at law judge in Harris County need obtain only 500 signatures on a petition in lieu of filing fee, the next question before it is whether the petition in the instant case is supported by such number.

 The original contention of Relator was that so many of the signatures gathered on Jackson's behalf were invalid that less than 500 valid signatures existed. However, after oral argument the parties reached the following stipulation: 994 total signatures were gathered, 215 were disallowed by the candidate or the party chairman, 78 had no voter registration number, 8 had no city name given, 6 had no signature, one had no printed name, one listed Travis County as the county of registration, one person signed twice, one person gave two addresses, one person was a registered Republican, 20 signatures were on petition pages that failed to indicate the office sought, 10 were on petition pages that failed to indicate which party primary was involved, 10 persons were not registered voters, and 80 signatures were on pages that described the office sought only as "295th" instead of "295th District Court."

· When those 432 signatures are subtracted from the total of 994 signatures collected, the remaining number of valid signatures is 562. Because this court has determined that only 500 valid signatures are necessary in the instant situation, writ of mandamus is denied.