**Matthew W. PLUMMER, Sr., Relator,**

v.

**Larry R. VESELKA, Chair, Harris County Democratic Executive Committee, Respondent.**

No. 01–88–00038–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 15, 1988.

James Plummer, Houston, for relator.

Larry Veselka, Houston, pro se.

David Webb, Houston, for respondent.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

PER CURIAM.

Relator Matthew W. Plummer, Sr. has filed a motion for leave to file petition for writ of mandamus against the respondent, the Honorable Larry R. Veselka, County Chairman of the Democratic party of Harris County, Texas, seeking an order and writ of mandamus compelling respondent to list relator's name on the Democratic Primary Ballot as a candidate for the 133rd Judicial District Court of Harris County, Texas.

At a hearing before the court, attended by relator and respondent and their respective counsel, both parties stipulated that relator filed his application so listed with the respondent on January 4, 1988, before the filing deadline, and tendered with the application petitions on forms issued by the Secretary of State, containing a total number of 1,074 signatures, of which the respondent has certified a total of 847 signatures as valid.

A candidate for office must file with the appropriate authority an application for a place on the ballot. Texas Election Code, Section 172.021(b) (Vernon 1986) provides that an application must be accompanied with either the appropriate filing fee or "instead of the filing fee, a petition that satisfies the requirements prescribed by Section 141.062" of the Texas Election Code. Texas Election Code section 141.062 provides that petitions must be timely filed, contain valid signatures required by the Code, and comply with "any other applicable requirements for validity prescribed" by the Code.

Relator chose not to tender a filing fee but relied instead on petitions in lieu of the fee.

The question presented is how many signatures was relator required to file with respondent. Respondent contends that relator must submit petitions containing a minimum number of 1,000 valid signatures.

The interpretation given Tex.Elec.Code Ann. sec. 172.021(e) (Vernon Supp.1988) is dispositive of relator's application for mandamus. Section 172.021(e) provides in pertinent part:

A candidate for an office specified by section 172.024(a)(8), (10), or (12), or for justice of the peace in a county with a population of more than 2,400,000, who chooses to pay the filing fee must also accompany the application with a petition that complies with the requirements prescribed for the petition authorized by Subsection (b), except that the minimum number of signatures that must appear on the petition required by this subsection is 250. If the candidate chooses to file the petition authorized by Subsection (b) instead of the filing fee, the minimum of signatures required for that petition is increased by 250.

Section 172.021(e) must be read in conjunction with section 172.025 (Vernon Supp. 1988), which provides in pertinent part:

The minimum number of signatures that must appear on the petition authorized by section 172.025 (Vernon Supp.1988), which provides in pertinent part:

* * * * * *

(2) for a district, county, or precinct office, the lesser of:

(a) 500 ...

Section 172.021(e) provides that candidates for specified offices, including a district court bench, must pay a filing fee and a petition that contain 250 signatures. Section 172.021(e) also provides that if a candi-

date files a petition in lieu of a filing fee the minimum number of signatures "required by that petition is increased by 250." We conclude that the evidenced intent of the legislature in adding subsection (e) to section 172.021 was to require a minimum number of 250 separate signatures on a petition filed by a candidate for a Harris County District Court bench, and an additional 500 signatures if such candidate chooses to file a petition in lieu of a filing fee. Therefore, such a candidate choosing to file a petition instead of filing fee must file petitions containing the valid signatures of 750 individuals. *See White v. Stanley,* 707 S.W.2d 883 (Tex.1986). In reaching this conclusion, we are mindful of the legislature's intent that the provisions of the Texas Election Code are to be interpreted to effect a just and reasonable result. Tex.Gov't.Code Ann. sec. 311.021(3) (Vernon Pamph.1988); Tex.Elec.Code Ann. sec. 1.003(a) (Vernon Supp.1988). *See also Love v. Veselka,* No. 01–88–00008–CV (Tex. App.—Houston [1st Dist.] January 7, 1988) (not yet reported).

The relator's application for writ of mandamus is conditionally granted, and respondent is directed to include the relator's name on the general primary election ballot as a candidate for the 133rd Judicial District Court of Harris County; a writ of mandamus will issue only in the event respondent fails to comply with this order.